UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

HANADI YAFEI,

    Plaintiff,

v.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, HANADI YAFEI ("YAFEI"), by and through her undersigned counsel, hereby sues RELIANCE STANDARD LIFE INSURANCE COMPANY ("RELIANCE"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. YAFEI brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. YAFEI was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. RELIANCE is a corporation with its principal place of business in the Commonwealth of Pennsylvania that is authorized to transact and is transacting business in the Southern

       District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, RELIANCE, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to YAFEI by RELIANCE.

6. YAFEI was at all times material an employee of or former employee of Litmos US, L.P.

7. Through her employment at Litmos US, L.P., YAFEI was a plan participant under Group Policy Number LSC 100,002 (the "LTD Plan") which is a Group Long Term Disability Insurance Policy issued by RELIANCE, of which the Policyholder is The RSL Employer Trust, and Litmos US, L.P. is a Participating Unit with a Participating Unit Number of LTD 134269.  It is pursuant to Group Policy Number LSC 100,002 to which YAFEI is entitled to benefits. A copy of Group Policy Number LSC 100,002 as provided by RELIANCE to YAFEI is attached as Exhibit "A".

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. RELIANCE is the insurer of benefits under the LTD Plan and was the Plan Administrator or appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, RELIANCE administered the claim with a conflict of interest and the bias this created affected the claims determination.  As such, RELIANCE is not entitled to a deferential standard of review.

11. RELIANCE is the fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on YAFEI's claim at issue.

12. Pursuant to the terms and conditions of the LTD Plan, YAFEI is entitled to LTD benefits for the duration of her disability, or until age 65, so long as she remains disabled as required under the terms of the LTD Plan.

13. According to the LTD Plan, Total Disability is defined as follows:

> "Totally Disabled" and "Total Disability" mean, that as a result of an Injury or Sickness:
> (1) during the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her Regular Occupation;
>   (a) "Partially Disabled" and "Partial Disability" mean that as a result of an Injury or Sickness an Insured is capable of performing the material duties of his/her Regular Occupation on a part-time basis or some of the material duties on a full-time basis. An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period;
>   (b) "Residual Disability" means being Partially Disabled during the Elimination Period. Residual Disability will be considered Total Disability; and
> (2) after a Monthly Benefit has been paid for 24 months, an Insured cannot perform the material duties of Any Occupation. We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a full-time basis.
>
> If an Insured is employed by you and requires a license for such occupation, the loss of such license for any reason does not in and of itself constitute "Total Disability".

14. At all relevant times, YAFEI complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15. With the exception of a brief period where she attempted to return to work from December 14, 2023 through December 22, 2023, since June 9, 2023, YAFEI has been totally disabled under the terms of the LTD Plan.

16. Since June 9, 2023, as a result of an Injury or Sickness, YAFEI cannot perform the material duties of her Regular Occupation.

17. Since June 9, 2023, as a result of an Injury or Sickness, YAFEI cannot perform the material duties of Any Occupation.

18. At all relevant times, YAFEI has been under the regular care and treatment of a physician.

19. At all relevant times, YAFEI has been a Covered Person under the LTD Plan.

20. Shortly after becoming disabled, YAFEI made a claim to RELIANCE under the LTD Plan for disability benefits but LTD benefits have never been paid.

21. By letter dated February 13, 2024, RELIANCE informed YAFEI that it was denying her claim for any and all LTD benefits, contending that the information provided failed to show that YAFEI was Totally Disabled.

22. YAFEI timely and properly submitted an appeal of RELIANCE's February 13, 2024 denial letter.

23. By letter dated October 8, 2024, RELIANCE informed YAFEI that it was upholding its decision to deny any and all LTD benefits and advised YAFEI that its decision was final and that YAFEI had exhausted all administrative remedies available to her under the terms of the LTD Plan.

24. YAFEI has never received benefits owed to her under the LTD Plan, despite YAFEI's right to these benefits.

25. RELIANCE has refused to ever pay YAFEI any LTD benefits.

26. At all relevant times, RELIANCE was the payer of benefits.

27. At all relevant times, RELIANCE was the "Insurance Company" identified throughout the LTD Plan.

28. At all relevant times, RELIANCE was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

29. At all relevant times, YAFEI has been Disabled and entitled to LTD benefits from RELIANCE under the terms of the LTD Plan.

30. YAFEI has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

31. YAFEI incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. This is a claim to recover benefits and enforce rights under 29 U.S.C. §1132(a)(1)(B)

33. Pursuant to 29 U.S.C. §1132(a)(1)(B), YAFEI, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

34. YAFEI has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of RELIANCE's failure to pay her claim for LTD disability benefits.

35. YAFEI has exhausted all administrative remedies under the LTD Plan.

36. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to YAFEI at a time when RELIANCE knew, or should have known, that YAFEI was entitled to those benefits under the terms of the LTD Plan, as YAFEI was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of YAFEI's claim for LTD benefits;

    (c) After YAFEI's claim was terminated in whole or in part, RELIANCE failed to adequately describe to YAFEI any additional material or

5

information necessary for YAFEI to perfect her claim along with an explanation of why such material is or was necessary.

        (d)    RELIANCE failed to properly and adequately investigate the merits of YAFEI's disability claim and failed to provide a full and fair review of YAFEI'S claim.

37. YAFEI believes and thereon alleges that RELIANCE wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which YAFEI is presently unaware, but which may be discovered in this future litigation and which YAFEI will immediately make RELIANCE aware of once said acts or omissions are discovered by YAFEI.

38. Following the termination of benefits under the LTD Plan, YAFEI exhausted all administrative remedies required under ERISA, and YAFEI has performed all duties and obligations on her part to be performed under the LTD Plan.

39. As a proximate result of the aforementioned wrongful conduct of RELIANCE, YAFEI has damages for loss of disability benefits in a total sum to be shown at the time of trial.

40. As a further direct and proximate result of this improper determination regarding YAFEI's claim for benefits, YAFEI, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), YAFEI is entitled to have such fees and costs paid by RELIANCE.

41. The wrongful conduct of RELIANCE has created uncertainty where none should exist, therefore, YAFEI is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, HANADI YAFEI prays for relief against RELIANCE STANDARD LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due to Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of the disability, and that benefits are to be paid under the LTD Plan for so long as Plaintiff remained disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: October 9, 2025

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2625 Weston Road
Weston, FL  33331
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com